UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| FELIPE RAMIREZ,<br><br>              Plaintiff,<br><br>  -against-<br><br>BIKASH KHAREL, BED KHAREL, UJUR BAHADUR KHATRI, BHUP RAJ KHATRI, SUNIL PATEL, DILLI RHAM DHUNGANA, PESHAL DHAKAL, NEUPANE NIRMALA, and MT. EVEREST INDIAN 2ND RESTAURANT, INC. (d/b/a "SPICE & GRILL"),<br><br>              Defendants. | No. 24 Civ. 4043<br><br>**FIRST AMENDED COMPLAINT** |

Plaintiff Felipe Ramirez, by and through his attorneys Kaufman Lieb Lebowitz & Frick and Make the Road New York, alleges as follows:

## INTRODUCTION

1. Plaintiff Felipe Ramirez brings this action to recover hundreds of thousands of dollars in stolen wages from his former employers.

2. Mr. Ramirez worked for Defendant Mt. Everest Indian 2nd Restaurant, Inc. (d/b/a "Spice & Grill") as a delivery bicyclist and general kitchen worker from approximately October 2018 until October 2021.

3. Throughout the course of Mr. Ramirez's employment, Defendant Spice & Grill was owned and operated at various times by Defendants Bikash Kharel, Bed Kharel, Ujur Bahadur Khatri, Bhup Raj Khatri, Sunil Patel, Dilli Rham Dhungana, Peshal Dhakal, and Neupane Nirmala.

4. The primary breadwinner for his family, Mr. Ramirez typically worked 72 hours per week for Defendants to support his wife and two children.

1

5. In brazen violation of federal and state labor laws, Defendants paid Mr. Ramirez a flat rate of $450 per week, or an average of $6.25 per hour, far below the minimum wage rates set by federal and New York State labor laws.

6. Defendants failed to provide Mr. Ramirez with premium overtime pay, as required under federal and state law; failed to provide Mr. Ramirez with wage notices and tip credit statements required under New York law; and never paid Mr. Ramirez spread-of-hours pay for shifts longer than ten hours, in violation of New York law.

7. Defendants also stole the majority of Mr. Ramirez's tips, in violation of New York State wage and hour law.

8. Mr. Ramirez seeks to recover damages and equitable relief for Defendants' flagrant violation of worker protection laws.

**JURISDICTION AND VENUE**

9. This action arises under the federal Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL").

10. The Court has subject matter jurisdiction over Plaintiff's federal claim under 28 U.S.C. § 1331.

11. The Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367(a).

12. Pursuant to the FLSA, 29 U.S.C. § 216(b), Plaintiff has consented in writing to be a party to this lawsuit.

13. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. §§ 1391(b) and (c) because Defendants reside in Brooklyn and Queens and all events giving rise to the claims occurred in this judicial district.

## PARTIES

14. Plaintiff Felipe Ramirez, who resides in Kings County, New York, was employed by the Defendants as a delivery bicyclist and kitchen worker from approximately October 2018 until October 2021.

15. Defendant Mt. Everest Indian 2nd Restaurant, Inc. is a domestic business corporation registered as doing business in New York with its principal offices located at 907 Seneca Avenue, Queens, NY 11385. Mt. Everest Indian 2nd Restaurant, Inc. operates "Spice & Grill" restaurant, located at 441 Myrtle Avenue in Brooklyn, New York.

16. Upon information and belief, Defendant Bikash Kharel co-owned Spice & Grill, exercised control over its operations and, at relevant times, employed Mr. Ramirez.

17. Upon information and belief, Defendant Bed Kharel co-owned Spice & Grill, exercised control over its operations and, at relevant times, employed Mr. Ramirez.

18. Upon information and belief, Defendant Ujur Bahadur Khatri co-owned Spice & Grill, exercised control over its operations and, at relevant times, employed Mr. Ramirez.

19. Upon information and belief, Defendant Bhup Raj Khatri co-owned Spice & Grill, exercised control over its operations and, at relevant times, employed Mr. Ramirez.

20. Upon information and belief, Defendant Sunil Patel co-owned Spice & Grill, exercised control over its operations and, at relevant times, employed Mr. Ramirez.

21. Upon information and belief, Defendant Dilli Rham Dhungana co-owned Spice & Grill, exercised control over its operations and, at relevant times, employed Mr. Ramirez.

22. Upon information and belief, Defendant Peshal Dhakal co-owned Spice & Grill, exercised control over its operations and, at relevant times, employed Mr. Ramirez.

23. Upon information and belief, Defendant Neupane Nirmala co-owned Spice & Grill, exercised control over its operations and, at relevant times, employed Mr. Ramirez.

24. Defendants Bikash Kharel, Bed Kharel, Ujur Bahadur Khatri, Bhup Raj Khatri, Sunil Patel, Dilli Rham Dhungana, Peshal Dhakal, Neupane Nirmala are collectively referred to herein as the "Individual Defendants," and together with Defendant Mt. Everest Indian 2nd Restaurant, Inc., are collectively referred to herein as "Defendants."

25. Upon information and belief, at relevant times, Defendants were employers who had the power to hire and fire Mr. Ramirez, to control the terms and conditions of his employment, to determine the rate and manner of any compensation provided to him, to withhold his compensation, to maintain employment records, and to comply with regulations of governmental agencies.

26. According to Spice & Grill's website, the restaurant serves 150 visitors daily and is open seven days per week for lunch and dinner. Menu items range in price from approximately $6 to over $30. Accordingly, upon information and belief, Defendants' volume of business exceeds $500,000, exclusive of retail-level excise taxes.

27. Spice & Grill is a restaurant serving predominantly Indian and Nepalese cuisine that employed multiple employees at all relevant times. Upon information and belief, its operations require the use of ingredients, equipment, cookware, utensils, dishes, furniture, paper and plastic products, cleaning supplies, and other materials, some of which are moved in or produced for interstate commerce. Upon information and belief, a substantial share of Spice & Grill's business transactions rely on credit card payments and online platforms such as GrubHub and UberEats, which provide delivery addresses for orders. Thus, upon information and belief, during each workweek of Mr. Ramirez's employment with Defendants, Mr. Ramirez and other employees employed by Defendants handled goods or materials that had been moved in or produced for interstate commerce.

**FACTUAL ALLEGATIONS**

**I.    Defendants Employed Mr. Ramirez**

28. Mr. Ramirez was hired to work at Spice & Grill restaurant in approximately 2018.

29. At various times throughout Mr. Ramirez's employment from approximately October 2018 until October 2021, the Individual Defendants held significant ownership shares in Spice & Grill, exercised control over its operations, and stood in an employment relationship with Mr. Ramirez.

30. Local media reports describe that Spice & Grill was "run by father-son team Bed and Bikash Kharel" and feature photos of Defendants Bed Kharel and Bikash Kharel cutting the ribbon at the restaurant's opening celebration.

31. In a news article featuring Spice & Grill, Defendant Bikash Kharel stated, "I was raised on Myrtle Avenue (Queens) and my dad's roots are in Khatmandu – we

5

are excited to bring our cuisine to Clinton Hill." He also identified the names and recipe information of the restaurant's most popular items.

32. Upon information and belief, during the course of Mr. Ramirez's employment at Spice & Grill, Bikash Kharel was a co-owner of the restaurant and stood in an employment relationship with Mr. Ramirez.

33. During the course of Mr. Ramirez's employment at Spice & Grill, including without limitation from his hiring until December 2018, Defendant Bed Kharel was a co-owner of the restaurant and stood in an employment relationship with Mr. Ramirez.

34. During the course of Mr. Ramirez's employment at Spice & Grill, including without limitation from his hiring until October 2020, Defendant Ujur Bahadur Khatri was a co-owner of the restaurant and stood in an employment relationship with Mr. Ramirez. According to a December 2018 Agreement of Sale transferring certain ownership shares in the restaurant, Ujur B. Khatri "ha[d] been running the restaurant since October 1, 2016" and "has full responsibility for the restaurant's accounting."

35. Text message communications from Ujur Bahadur Khatri demonstrate that he was in part responsible for assigning and overseeing Mr. Ramirez's work at Spice & Grill. For example, on November 25, 2019, Mr. Khatri texted Mr. Ramirez to give him information about the address for a delivery order and instructed him to "Call customer." In addition, on July 28, 2020, Mr. Ramirez texted Mr. Khatri a photo of a delivery order that he placed outside of a customer's door.

36. During the course of Mr. Ramirez's employment at Spice & Grill, including without limitation from December 2018 until October 2020, Defendant

Bhup Raj Khatri was a co-owner of the restaurant and stood in an employment relationship with Mr. Ramirez.

37. During the course of Mr. Ramirez's employment at Spice & Grill, including without limitation from February 2019 until August 2021, Defendant Sunil Patel was a co-owner of the restaurant and stood in an employment relationship with Mr. Ramirez.

38. During the course of Mr. Ramirez's employment at Spice & Grill, including without limitation from January 2019 until February 2019 and October 2019 until August 2021, Defendant Dilli Rham Dhungana was a co-owner of the restaurant and stood in an employment relationship with Mr. Ramirez. According to a February 1, 2024, affidavit submitted by Mr. Dhungana to the Department of Labor, he is also a current owner of the restaurant and has, at various times, held responsibility over the creation of employment relationships at the restaurant.

39. Although Mr. Dhungana stated in his affidavit that he "never hired or created any employment relationship of any kind, directly or indirectly" with Mr. Ramirez, his text message communications with Mr. Ramirez tell a different story. For several years, Mr. Dhungana regularly assigned Mr. Ramirez delivery shifts, told him when he could and could not take off from work, and threatened to hire other delivery drivers if Mr. Ramirez did not answer his calls.

40. For example, on March 4, 2020, Mr. Dhunagana texted Mr. Ramirez to ask if he wanted to come into work: "Hello maricin cal me u want work with me or. Not u no work with me I gona wotro muchacho."

41. On August 30, 2020, Mr. Dhungana threatened to hire another person if Mr. Ramirez did not answer his phone: "Don't coming u don't pick up the phone don't

coming I gana hair another person." Two months later, on October 23, 2020, Mr. Dhunagana told Mr. Ramirez that he could not take any days off the following week: "U take off today next week no off."

42. On March 8, 2021, Mr. Dhungana told Mr. Ramirez "If you want work come night," and the next day told him, "To coming or not tel me if you not coming I Goma ind out another Delevery gays." On May 24, 2021, Mr. Dhungana texted Mr. Ramirez a screenshot of a Grubhub delivery order from Spice & Grill involving a customer who requested a contact-free delivery.

43. Approximately two years after Mr. Ramirez stopped working at Spice & Grill, on July 2, 2023, Mr. Dhungana texted Mr. Ramirez to ask if he wanted to come back to be paid $80 for a 12-hour shift, saying: "$80. 11 to 11."

44. During the course of Mr. Ramirez's employment at Spice & Grill, including without limitation from August 2021 until Mr. Ramirez discontinued his employment with Spice & Grill, Defendant Peshal Dhakal was a co-owner of the restaurant and stood in an employment relationship with Mr. Ramirez.

45. During the course of Mr. Ramirez's employment at Spice & Grill, including without limitation from August 2021 until Mr. Ramirez's discontinued his employment with Spice & Grill Defendant Neupane Nirmala was a co-owner of the restaurant and stood in an employment relationship with Mr. Ramirez.

**II. Defendants Failed to Properly Compensate Mr. Ramirez**

46. Mr. Ramirez is a dedicated husband and father, who works to support his wife and two children.

47. Mr. Ramirez worked primarily as a delivery bicyclist for Defendants, delivering orders from Spice & Grill to customers' homes. In addition to delivering

8

food to customers, Mr. Ramirez also cleaned the kitchen daily to reset it for the next day's service.

48. Throughout his time working at Spice & Grill, Mr. Ramirez typically worked 72 hours weekly—from 11:00 a.m. to 11:00 p.m. five days per week, and from 5:00 p.m. to 11:00 p.m. the remaining two days.

49. Defendants paid Mr. Ramirez a flat rate of $450 per week, regardless of the number of hours he worked.

50. Spice & Grill paid Mr. Ramirez far below the federal and state minimum wage, never provided him with required notices, wage, or tip credit statements, never paid spread-of-hours pay for shifts longer than 10 hours in a day, and never paid premium pay for overtime hours worked in excess of 40 per week.

51. Furthermore, while Mr. Ramirez was paid a modest amount in tips, the lion's share of his tips were stolen by Defendants. Defendants' agents, who upon information and belief acted with Defendants' knowledge and acquiescence, routinely cut off the tip section of checks to prevent Mr. Ramirez from learning how much customers had tipped him. As a result, the amount Mr. Ramirez received from his employers was routinely far below what customers had actually left for him in tips.

52. As recently as July 2023, Defendants invited Mr. Ramirez by text message to return to work at a rate of $80 for a 12-hour shift—far below the legally mandated New York State minimum wage.

**III.  Defendants Paid Mr. Ramirez Less Than Minimum Wage**

53. At all relevant times, the FLSA required that employees like Mr. Ramirez be paid a minimum of $7.25 per hour. 29 U.S.C. § 206(a)(1)(C).

54. During the portion of 2018 in which Mr. Ramirez worked for Defendants, New York State required a basic minimum wage of $12.00 per hour; the minimum wage increased to $13.50 per hour at the start of 2019 and was $15.00 per hour from the beginning of 2020 until Mr. Ramirez ceased working at the restaurant in October 2021. 12 NYCRR § 146-1.2(a)(1)(i)(b).

55. Defendants paid Mr. Ramirez a flat rate of $450 per week for his typical 72 hours of work per week, or approximately only $6.25 per hour.

56. Defendants knowingly and willfully paid Mr. Ramirez at an hourly rate that fell far below the minimum wage as required by the FLSA and New York law.

### IV. Defendants Failed to Pay Mr. Ramirez Premium Overtime Wages

57. Both the FLSA and New York State law require that employees be paid an overtime rate of one and one-half times the regular rate of pay for each hour of work over forty (40) hours per week. 29 U.S.C. § 207(a); 12 NYCRR § 146-1.4.

58. Mr. Ramirez routinely worked more than forty (40) hours per week, and typically worked seventy-two (72) hours per week.

59. While working for Defendants, Mr. Ramirez was not paid overtime for each hour worked in excess of forty (40) hours per week.

60. Instead, at all times relevant to this Complaint, Defendants paid Mr. Ramirez a weekly rate of pay of $450 per week, or $6.25 per hour, regardless of the number of hours worked.

61. Defendants knowingly and willfully failed to pay Mr. Ramirez the overtime compensation required by both the FLSA and the NYLL.

### V. Defendants Failed to Provide Spread of Hours Compensation

62. New York law requires that employees be paid an additional hour of pay at the minimum wage rate for each day their spread of hours—the time from the beginning to the end of their shift—exceeds 10 hours. 12 NYCRR § 146-1.6.

63. On the five days per week that Mr. Ramirez typically worked from 11:00 a.m. to 11:00 p.m., his spread of hours exceeded 10 hours.

64. Nonetheless, Defendants knowingly and willfully failed to provide Mr. Ramirez with the required spread-of-hours compensation.

## VI. Defendants Failed to Provide Required Wage Notices and Wage Statements

65. New York law requires employers to provide each employee, at the time of hiring, notices setting forth the employee's rate and basis of pay, allowances claimed, pay day, employer name and contact information, and deductions taken for any tip credit. N.Y. Lab. Law § 195(1); 12 NYCRR § 146-2.2.

66. Defendants knowingly and willfully failed to provide Mr. Ramirez with the required wage notice at the time of hiring or any subsequent time.

67. The NYLL also requires employers to provide employees with a wage statement (or pay stub) with every payment of wages listing the dates of work covered by the payment, the employee's name, the employer's name, the address and phone number of the employer, the rate and basis of pay (including overtime pay), the number of regular hours works, the number of overtime hours worked, gross wages, deductions, allowances claimed, and net wages. N.Y. Lab. Law § 195(3).

68. Defendants knowingly and willfully failed to provide Mr. Ramirez with the required wage statement.

## VII. Defendants Did Not Establish or Maintain Accurate Payroll Records

69. The NYLL requires that employers "establish, maintain, and preserve for not less than six years contemporaneous, true, and accurate payroll records" detailing the particulars of each of their employee's compensation. N.Y. Lab. Law § 195(4).

70. Upon information and belief, Defendants have not maintained any of the required records concerning Mr. Ramirez's employment.

**CLAIMS FOR RELIEF**

**FIRST CAUSE OF ACTION**
**Fair Labor Standards Act – Federal Minimum Wage**
**Against All Defendants**

71. Mr. Ramirez repeats and realleges the foregoing paragraphs as if the same were fully set forth at length herein.

72. At all relevant times, Defendants operated Spice & Grill as an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

73. Defendants willfully failed to pay Mr. Ramirez the federal minimum wage for hours worked, in violation of the FLSA. 29 U.S.C. § 206(a).

74. Because of Defendants' willful violation of the FLSA, Mr. Ramirez is entitled to recover from Defendants, jointly and severally, minimum wages that Defendants failed to pay him within three years of the filing of this action, and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action pursuant to the FLSA, all in an amount to be determined at trial. 29 U.S.C. §§ 216(b), 255(a).

**SECOND CAUSE OF ACTION**
**Fair Labor Standards Act - Overtime Wages**
**Against All Defendants**

75. Mr. Ramirez repeats and realleges the foregoing paragraphs as if the same were fully set forth at length herein.

76. At all relevant times, Defendants operated Spice & Grill as an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

77. The FLSA requires employers to pay employees an overtime rate of one and one-half times the regular rate of pay for each hour of work over forty (40) hours per week. 29 U.S.C. § 207(a).

78. Defendants knowingly, willfully, and intentionally failed to pay overtime pay for hours worked in excess of forty (40) hours a week at a rate of one and one-half times the regular hourly rate, in violation of 29 U.S.C. § 207(a)(1).

79. Because of Defendants' willful violation of the FLSA, Mr. Ramirez is entitled to recover from Defendants, jointly and severally, overtime compensation that Defendants failed to pay him within three years of the filing of this action, and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action pursuant to the FLSA, all in an amount to be determined at trial. 29 U.S.C. §§ 216(b), 255(a).

**THIRD CAUSE OF ACTION**
**Fair Labor Standards Act – Failure to Remit Gratuities**
**Against All Defendants**

80. Mr. Ramirez repeats and realleges all the allegations in the paragraphs above.

81. At all times relevant to this action, Mr. Ramirez was a "tipped employee" within the meaning of 29 U.S.C. § 203(t).

13

82. At all relevant times, Defendants operated Spice & Grill as an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

83. Defendants illegally retained a portion of Mr. Ramirez's tips in violation of 29 U.S.C. § 203(m)(2)(B).

84. Defendants failed to inform Mr. Ramirez of the provisions of 29 U.S.C. § 203(m) and did not permit Mr. Ramirez to retain all tips left for him by customers. Accordingly, Defendants were not entitled to take a tip credit toward Mr. Ramirez's wages.

85. Because of Defendants' willful violation of the FLSA, Mr. Ramirez is entitled to recover from Defendants, jointly and severally, damages in the amount of his gratuities that Defendants failed to remit to him within three years of the filing of this action and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action pursuant to the FLSA, all in an amount to be determined at trial. 29 U.S.C. §§ 216(b), 255(a).

**FOURTH CAUSE OF ACTION**
**New York Labor Law – Minimum Wage**
**Against All Defendants**

86. Mr. Ramirez repeats and realleges the foregoing paragraphs as if the same were fully set forth at length herein.

87. Defendants willfully failed to pay Mr. Ramirez the minimum wage for hours worked, in violation of the NYLL and regulations and wage order authorized thereby. *See* N.Y. Lab. Law § 652.

88. Because of Defendants' willful violations of the NYLL, Mr. Ramirez is entitled to recover from Defendants, jointly and severally, his unpaid overtime

compensation and liquidated damages, as well as reasonable attorneys' fees and the costs of the action, including pre-judgment interest, all in an amount to be determined at trial. N.Y. Lab. Law §§ 198(1-a), 663.

### FIFTH CAUSE OF ACTION
### New York Labor Law – Overtime Wages
### Against All Defendants

89. Mr. Ramirez repeats and realleges the foregoing paragraphs as if the same were fully set forth at length herein.

90. Defendants knowingly, willfully, and intentionally failed to pay overtime pay for hours worked in excess of forty (40) hours a week at a rate of one and one-half times the regular hourly rate.

91. Pursuant to NYLL §§ 198(1-a) and 663, an employer who willfully fails to pay required overtime compensation is liable, in addition to the amount of any underpayments, for liquidated damages equal to one hundred percent (100%) of the amount of the under-payment for violations.

92. Because of Defendants' willful violations of the NYLL, Mr. Ramirez is entitled to recover from Defendants, jointly and severally, his unpaid overtime compensation and liquidated damages, as well as reasonable attorneys' fees and the costs of the action, including pre-judgment interest, all in an amount to be determined at trial.

### SIXTH CAUSE OF ACTION
### New York Labor Law – Spread-of-Hours Compensation
### Against All Defendants

93. Mr. Ramirez repeats and realleges the foregoing paragraphs as if the same were fully set forth at length herein.

94. Defendant willfully violated Mr. Ramirez's rights by failing to pay him an additional hour of pay for each day in which the spread of hours exceeded ten hours in one day, in violation of the NYLL and its regulations. 12 NYCRR § 146-1.6.

95. Because of Defendants' NYLL violations, Mr. Ramirez is entitled to recover from Defendants, jointly and severally, his unpaid spread of hours wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees, costs of the action, and interest. N.Y. Lab. Law §§ 198(1-a), 663.

**SEVENTH CAUSE OF ACTION**
**New York Labor Law – Failure to Remit Gratuities**
**Against All Defendants**

96. Mr. Ramirez repeats and realleges the foregoing paragraphs as if the same were fully set forth at length herein.

97. Throughout Mr. Ramirez's employment, Defendants and their agents willfully violated NYLL § 196-d by demanding, accepting, and/or otherwise retaining part or all of customer payments that were intended as, and purported to be, gratuities for Mr. Ramirez.

98. Mr. Ramirez did not agree or consent to any arrangement to pool or share tips at any time during the course of his employment by Defendants.

99. Mr. Ramirez was never paid out tips in an amount sufficient to exceed the applicable minimum wage under New York Law when added to his cash wage, and his cash wage was at all times less than two-thirds of the applicable minimum wage, rendering NYLL § 652(4) inapplicable.

100. Mr. Ramirez was never notified that Defendants would take a tip credit towards his wages as required by 12 NYCRR § 146-2.2. Accordingly, pursuant to 12

NYCRR § 146-1.3, Defendants were not entitled to take a tip credit toward Mr. Ramirez's wages.

101. Because of Defendants' willful violations of the NYLL, Mr. Ramirez is entitled to recover from Defendants, jointly and severally, the amount of his gratuities that Defendants unlawfully retained and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees, costs of the action, and interest. N.Y. Lab. Law §§ 198(1-a), 663.

**EIGHTH CAUSE OF ACTION**
**New York Labor Law – Failure to Provide Wage Notice**
**Against All Defendants**

102. Mr. Ramirez repeats and realleges the foregoing paragraphs as if the same were fully set forth at length herein.

103. Defendants willfully failed to provide Mr. Ramirez, at the time of hiring or any subsequent time, a wage notice in his native language containing the information required by NYLL § 195(1), such as his rate of pay.

104. Pursuant to NYLL § 198(1-b), Mr. Ramirez is entitled to recover from Defendants $50 per workday, not to exceed $5,000, together with costs and reasonable attorneys' fees, and any other relief that the Court deems necessary and appropriate.

**NINTH CAUSE OF ACTION**
**New York Labor Law – Failure to Provide Wage Statements**
**Against All Defendants**

105. Mr. Ramirez repeats and realleges the foregoing paragraphs as if the same were fully set forth at length herein.

106. Throughout Mr. Ramirez's employment, Defendants willfully failed to provide him with weekly wage stubs or statements with each payment of wages

containing all information required by NYLL § 195(3) such as dates of work, rate of pay for regular and overtime hours, and number of regular and overtime hours worked.

107. Pursuant to NYLL § 198(1-d), Mr. Ramirez is entitled to recover from Defendants $250 per workday, not to exceed $5,000, together with costs and reasonable attorneys' fees, and any other relief that the Court deems necessary and appropriate.

## PRAYER FOR RELIEF

WHEREFORE, Mr. Ramirez respectfully requests judgment against Defendants as follows:

- A. Compensatory damages in an amount to be determined at trial, including compensation for unpaid minimum wages, overtime compensation, and gratuities under the FLSA and the NYLL;
- B. Liquidated damages in an amount equal to the wages and compensation Defendants failed to pay in violation of the FLSA and the NYLL;
- C. Statutory damages pursuant to NYLL § 198;
- D. Reasonable costs and attorneys' fees pursuant to 29 U.S.C. § 216(b) and NYLL §§ 198 and 663;
- E. Pre- and post-judgment interest to the fullest extent permitted by law; and
- F. Any additional relief the Court deems just and proper.

Dated: September 25, 2024
        New York, New York

KAUFMAN LIEB LEBOWITZ & FRICK LLP

_____
David Lebowitz
Alyssa Isidoridy

18 E. 48th Street, Suite 802
New York, New York 10017
(212) 660-2332
dlebowitz@kllf-law.com
aisidoridy@kllf-law.com


MAKE THE ROAD NEW YORK

_____/s/_____
David Orkin
Nathalia Alejandra Varela
301 Grove St.
Brooklyn, New York 11372
(718) 565-8500
david.orkin@maketheroadny.org
nathalia.varela@maketheroadny.org

*Counsel for Plaintiff*