**Kaufman Lieb Lebowitz & Frick**
attorneys at law

(212) 660-2332
18 E. 48th St., Suite 802
New York, NY 10017
www.kllf-law.com

October 21, 2025

**By ECF**

U.S. Magistrate Judge Taryn A. Merkl
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    *Ramirez v. Kharel, et al.*, No. 24 Civ. 04043

Your Honor:

    Along with Make the Road New York, this firm represents Plaintiff Felipe Ramirez in this wage and hour action. Pursuant to Local Rule 37.2,[1] we write to request a pre-motion discovery conference regarding Defendants Ujur Bahadur Khatri, Sunil Patel, Dilli Rham Dhungana, and Mt. Everest Indian 2nd Restaurant, Inc.'s deficient responses to Plaintiff's Requests for Admission ("RFAs"). The parties met and conferred by telephone on October 8, 2025, with respect to Defendants' initial responses to the RFAs, and Defendants agreed to serve amended responses. *See* ECF No. 58. Because Defendants' amended responses did not cure the deficiencies, Plaintiff brings this application. *See* Fed. R. Civ. P. 36(a)(6) ("The requesting party may move to determine the sufficiency of an answer or objection.").

## I. The RFAs Should Be Deemed Admitted Because Defendants Failed to Timely Respond

    Plaintiff propounded his RFAs on August 14, 2025. On September 15, Defendants requested an additional 15 days to respond. *Id*. Plaintiff consented to extend the response deadline through September 30. However, Defendants did not serve their initial responses until October 3 and October 6, 2025.

    "A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney. A shorter or longer time for responding may be stipulated to under Rule 29 or be ordered by the court." Fed. R. Civ. P. 36(a)(3). "As suggested by its wording, this provision takes

---

[1] Pursuant to the Court's Individual Rule 3(A) directing parties to raise discovery disputes by joint letter, Plaintiff sent Defendants' counsel a draft of this letter on October 23, 2025, requesting that they add any discussion of Defendants' position on the issues raised herein. Defense counsel responded this morning, stating: "Due to our travel schedule we are unable to appropriately provide our edits for a joint letter. You may let the court know accordingly." In light of the upcoming close of fact discovery, Plaintiff wished to bring this matter to the Court's attention expeditiously.

automatic effect if the requested party fails to respond within the specified time frame." *Beberaggi v. N.Y.C. Trans. Auth.*, No. 93 Civ. 1737, 1994 WL 18556, at *2 (S.D.N.Y. Jan. 19, 1994) (collecting authorities). Here, the parties stipulated to extend Defendants' response deadline only through September 30, 2025. As Defendants neither complied with that deadline nor sought a Court order extending it further, the RFAs should be deemed admitted.

## II. The RFAs Should Be Deemed Admitted Because Defendants' Amended Responses Fail to Comply with Rule 36

Timeliness aside, the RFAs should be deemed admitted based on the egregious deficiencies in Defendants' responses. When an RFA response fails to comply with Rule 36, "the court may order either that the matter is admitted or that an amended answer be served." Fed. R. Civ. P. 36(a)(6). Because Defendants have already amended their responses once and failed to cure their lack of compliance with the Rule, all of the RFAs should be deemed admitted.

### A. Defendants' Partial Admissions Are Improper

Many of Defendants' responses[2] improperly admit the RFA "in part," but interpose superfluous narrative explanations that do not "specify the part admitted and qualify or deny the rest" and instead serve only to frustrate the RFAs' purpose. *See* Fed. R. Civ. P. 36(a)(4). For instance, Defendant Khatri admits "in part" that Plaintiff was not provided with a notice concerning his pay at the time of hire, as required under New York law. But his responses are larded narrative assertions that attempt to shift the blame for this failure to Plaintiff and refer to extraneous documents[3] in an effort to undercut the force of the admissions. *See* Ex. A, Resps. Nos. 1-5. Likewise, Defendants admit that Plaintiff was not provided with legally required statements of the tips and meals they claimed toward the minimum wage, but attempt to obfuscate these admissions by burying them in irrelevant and argumentative paragraphs attempting to excuse or explain away their conduct. *See, e.g.*, Ex. C, Resps. Nos. 13-14, 19-26, 31-33.

These RFAs should be deemed admitted and the impermissible qualifications disregarded. "Though qualification may be required where a request contains assertions which are only partially correct, a reviewing court should not permit a responding party to undermine the efficacy of the rule by crediting disingenuous, hair-splitting distinctions whose unarticulated goal is unfairly to burden an opposing party."

---

[2] *See* Ex. A (Khatri), Resps. Nos. 1-5, 11, 13-14, 17, 19-26, 31-33; Ex. B (Dhungana), Resps. Nos. 2, 5, 11, 13-14, 17, 19-26, 31-33; Ex. C. (Mt. Everest) Resps. Nos. 2, 5, 11, 13-14, 17, 19-26, 31-33; Ex. D (Patel) Resps. Nos. 11, 18-22, 27-43.

[3] The deposition exhibit Defendant Khatri incorporates into his responses merely purports to set forth the number of days Plaintiff supposedly worked during certain two-week periods and the compensation provided to him; it was concededly not provided to Plaintiff at or before his hiring and does not contain the information legally required to be set forth on a time-of-hire notice and is therefore irrelevant to the Requests at issue. *Compare* N.Y. Labor Law § 195(a)(1) *and* 12 N.Y.C.R.R. § 146-2.2, *with* Ex. E (Dep. Ex. 8).

*Thalhaim v. Eberheim*, 124 F.R.D. 34, 35 (D. Conn. 1988). Here, Defendants' responses are not actually qualified admissions in substance—they are better understood as *unqualified* admissions coupled with assertions about other facts that Defendants believe make their conduct sound less culpable. But a party responding to RFAs may not "offer[] its own, unsolicited version of the facts" or "argu[e] its own theory of the case" under the guise of presenting an objection. *Wang v. Omni Hotels Mgmt. Corp.*, No. 18 Civ. 2000, 2021 WL 5904021, at *9 (D. Conn. Dec. 14, 2021).

Defendant Patel's "partial" admissions in response to RFAs 18, 27 through 29, and 34 through 43 are similarly improper. These RFAs seek to establish, based on a summary document Defendant Patel created and brought to his deposition,[4] that Defendants unlawfully credited tips and meals toward Plaintiff's minimum wage without providing the required notice and took meal credits in amounts exceeding those permissible under New York law. *See* generally Ex. F. Defendant Patel's responses admit the requested information "for background and supplement informational [sic] purposes only," but claim that because the document was not "made contemporaneously" during Plaintiff's employment, it cannot "be relied upon for admissions or concessions." *E.g.*, Ex. D, Resp. No. 27. These attempts to qualify Defendant Patel's admissions improperly turn on the proper weight to be accorded to a piece of evidence, rather than a denial of the truth of any part of the RFAs. No authority supports Defendant Patel's assertion that RFAs may only concern "contemporaneous" documents; to the contrary, requests to admit the contents and meaning of a document permissibly seek "factual information from which legal consequences may follow" and are authorized by Rule 36. *Booth Oil Site Admin. Grp. v. Safety-Kleen Corp.*, 194 F.R.D. 76, 80 (W.D.N.Y. 2000). It is for the trier of fact to determine the significance and weight that should be afforded to the document in question; Defendant Patel may not unilaterally limit the "purposes" for which Plaintiff may use particular evidence.

### B. Defendants' Convoluted and Contradictory Denials Should Be Stricken

In addition to improperly qualified admissions, Defendants' responses are replete with inappropriate denials. A refusal to admit is improper "where a responding party objects to a proper request for admission, makes an evasive denial (*i.e.*, one that does not specifically deny the matter), or makes a response that does not set forth '*in detail*' the reasons why the answering party cannot truthfully admit or deny the matter." *Herrera v. Scully*, 143 F.R.D. 545, 549-50 (S.D.N.Y. 1992). Defendants' responses are impermissible in each of these respects.

First, Defendants purport to deny several of Plaintiff's RFAs based on factual assertions that do not actually negate the substance of the request. *See, e.g.*, Ex. C, Resp. No. 10 (denying failure to obtain a signed acknowledgement of Plaintiff's regular and overtime hourly pay rates based on "notice sheets" that do not specify hourly rates); *id.*

---

[4] The document in question purports to summarize "all relevant financial and labor-related" records about Plaintiff's pay "as originally recorded in the company's official bookkeeping systems," and was assertedly "compiled through a comprehensive review and extraction of all official online bookkeeping data maintained by the organization." Ex. F (Dep. Ex. 12) at 1.

Kaufman Lieb Lebowitz & Frick                                              October 21, 2025
Page 4 of 5

Resp. No. 12 (denying failure to provide individualized notice of claimed tip allowances based on placement of posters in restaurant); *id.* Resps. Nos. 15-16 (denying failure to provide written notice of tip credits and obtain signed acknowledgment based on assertion that Plaintiff "kept a record of each day's tips for all deliveries made, and was furnished the total collected tip amount in cash"). These responses brazenly contravene Rule 36's requirement that a denial "fairly respond to the substance of the matter." Fed. R. Civ. P. 36(a)(4).

Second, Defendants repeatedly deny Requests despite asserting that they lack responsive information. For example, Defendants object to virtually every Request "to the extent" that it seeks information relating to time periods when the responding Defendant was not personally involved in operating the restaurant. But rather than simply qualify the period covered by each response, Defendants improperly purport to *deny* the truth of every Request to the extent it covers time periods when they were not involved—despite stating that each Defendant "has no knowledge or information during such time period."[5] Other responses contain denials (or qualified admissions) "upon information and belief," despite expressly disclaiming personal knowledge of the matter at issue. *See, e.g.*, Ex. D, Resps. Nos. 8-9, 13-15, 23-26.

Third, Defendants have denied requests to admit the nonexistence of specific documents without identifying or producing copies of them. Accompanying his Requests for Admission, Plaintiff served interrogatories and document requests on each of the four Defendants in question directing them to identify and produce "any statements, notices, pay stubs, acknowledgments, or other documents" upon which any RFA denials were based. Defendants each responded that all responsive documents had previously been produced and would be referenced in responding to specific RFAs where relevant. Ex. A at 29-30; Ex. B at 31-32; Ex. C at 33-34; Ex. D at 33-34. But several responses impliedly assert the existence of documents that have never been produced. *See, e.g.*, Ex. C, Resps. Nos. 3-4 (denying failure to provide notice of regular and overtime rates of hourly pay without identifying or producing any such notice). Defendants should be ordered to produce any such documents; if none exist, these RFAs should be admitted.

---

[5] Moreover, Defendants' responses fail to state that they have "made reasonable inquiry and that the information [they] know[] or can readily obtain is insufficient to enable [them] to admit or deny," Fed. R. Civ. P. 36(a)(4), and it is doubtful that Defendants could make such a claim in good faith. That is particularly so in the case of Defendant Mt. Everest Indian 2nd Restaurant, Inc., the corporation that has continuously operated the restaurant where Plaintiff worked during the period at issue in this case. The "reasonable inquiry" required by Rule 36 "includes investigation and inquiry of any of defendant's officers, administrators, agents, employees . . . other personnel, who conceivably, but in realistic terms, may have information which may lead to or furnish the necessary and appropriate response. In this connection, relevant documents and regulations must be reviewed as well." *Herrera*, 143 F.R.D. at 548. The corporation may not rely exclusively on the recollections of its current owner; indeed, the deposition testimony of former employees is part of Rule 36's reasonable inquiry. *See T. Rowe Price Small-Cap Fund, Inc. v. Oppenheimer & Co.*, 174 F.R.D. 38, 44-45 (S.D.N.Y. 1997).

    Plaintiff thanks the Court for its consideration of this application is available for a discovery conference at the Court's convenience.

                                      Sincerely,

                                      David A. Lebowitz

CC.    All Counsel of Record (via ECF)