**Chhetry & Associates, P.C.**

Tel: (212) 947-1079
Fax: (212) 947-1081

---

October 31, 2025

Magistrate Judge Taryn A. Merkl
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201
<u>Via ECF</u>

      RE:    *Ramirez v. Kharel et al.*, No 24 Civ. 4043, Response to Plaintiff's Letter Motion

Your Honor:

Defendants Ujur Bahadur Khatri, Sunil Patel, Dilli Rham Dhungana, and Mt. Everest Indian 2nd Restaurant, Inc. hereby submit the following response to Plaintiff's letter motion of October 23, 2025 (ECF No. 59).

## I. THE REQUESTS FOR ADMISSION SHOULD NOT BE DEEMED ADMITTED BASED ON UNTIMELY RESPONSES

Plaintiff first seeks to have his requests for admission deemed admitted because Defendants' responses were not served until a few days after the agreed-upon deadline. *See* Plaintiff's 10/23/2025 Letter Motion ("Ltr. Mot.") at 1-2. Deemed admission, however, is inappropriate under the circumstances, given Plaintiff's subsequent agreement to permit Defendants to serve amended responses.

Federal Rule of Civil Procedure 36(a)(3) provides that a "matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney. A shorter or longer time for responding may be stipulated to under Rule 29 or be ordered by the court." As courts in this circuit have recognized, the deadline for responding to requests for admission may be extended even after the initial deadline has passed. *See Sea–Land Serv., Inc. v. Citihope Int'l, Inc.*, 176 F.R.D. 118, 122 (S.D.N.Y. 1997). Here, following their meet-and-confer on October 8, 2025, counsel for Plaintiff agreed to permit Defendants to file amended responses by October 17, 2025, *see* ECF No. 58 at 1-2, thereby stipulating to a longer time for Defendants' responses, as permitted under Rule 36(a)(3). The fact that Plaintiff is unsatisfied with Defendants' amended responses does not negate the parties' prior agreement to extend the deadline.

Even if the parties had not agreed to extend the time for Plaintiff's response, deemed admission based on an untimely reply is only automatic if the untimeliness resulted in delay which has prejudiced the requesting party. *See Moosman v. Joseph B. Blitz, Inc.*, 258 F.2d 686, 688 (2d Cir. 1966); *see also Brust v. Indus. Bank of Comm.*, 18 F.R.D. 90 (S.D.N.Y. 1955) (holding that in the absence of prejudice it is unnecessary to decide whether any neglect was excusable). Because Plaintiff has not suffered any prejudice from the submission of Defendants' responses within a week of the previous September 30, 2025, deadline, the Court should not deem Plaintiff's requests to have been admitted.

## II. DEFENDANTS' RESPONSES WERE NOT DEFICIENT

Plaintiff further seeks to have his requests deemed admitted because of supposed deficiencies in both Defendants' admissions and denials. *See* Ltr. Mot. at 2-4. Plaintiff's complaints, however, are not borne out by the record.

Defendants' partial admissions are proper under Rule 36(a)(4). *Cf.* Ltr. Mot. at 2-3. For example, Plaintiff's Request No. 1 to Defendant Ujur Bahadur Khatri requests that he "[a]dmit that you never provided Plaintiff with a written notice setting forth his rate of pay, as required by Section 195(1)(a) of the New York Labor Law." *See* Pl.'s Ex. A at 6. In response, Mr. Khatri admitted this request in part, admitting that Plaintiff was not given formal written notice of his rate of pay, but explaining that Plaintiff refused all of the formalities of employment and requested that he be paid without documentation. *Id.* Mr. Khatri's explanation was not a "superfluous narrative explanation," *see* Ltr. Mot. at 2, but rather a necessary explanation of why he was denying that he failed to comply with the law.

Contrary to Plaintiff's contention, *see id.*, it is not Defendants' partial admissions that frustrate the purpose of Rule 36, but rather Plaintiff's efforts to use requests for admission to go beyond establishing the existence of specified facts and to trap Defendants into conceding legal violations that they do not believe they committed. Even if Defendants' responses include some unnecessary narrative, that does not change the fact that those responses meet the requirements of Rule 36(a)(4).

Defendants' denials are also proper. In some instances, Plaintiff simply mischaracterizes Defendants' responses. For example, while Plaintiff describes the responses by Defendant Mt. Everest Indian 2nd Restaurant ("Mt. Everest") to Requests Nos. 15 and 16 as "denying failure to provide written notice of tip credits and obtain signed acknowledgment based on assertion that Plaintiff 'kept a record of each day's tips for all deliveries made, and was furnished the total collected tip amount in cash,'" Ltr. Mot. at 4, those responses actually stated that Plaintiff "was furnished the total collected tip amount in cash at the end of each shift worked *with a signed acknowledgment by Plaintiff*," *see* Pl.'s Ex. C at 16-17, thus properly denying any failure to provide written notice and obtain signed acknowledgement.

Plaintiff's complaint that certain responses deny requests with respect to time periods for which Defendants lack knowledge or information is little more than semantic nitpicking. *Cf.* Ltr. Mot. at 4. Relatedly, Plaintiff's accusation that Defendants are withholding documents identified in their responses is without merit, *cf. id.*, as Defendants' responses do not imply the existence of any undisclosed documents. In the one example given by Plaintiff, *see id.*, Mt. Everest's responses to Requests Nos. 3 and 4 clearly explain that the denials are based on lack of information, "as, at the time of Plaintiff's hiring, Defendant's current owner was not involved in the restaurant in any capacity," and "[t]hus Defendant does not have any information or knowledge to appropriately respond to this Request." *See* Pl.'s Ex. C at 7-8.

## III. IF NECESSARY, DEFENDANTS SHOULD BE PERMITTED TO AMEND THEIR RESPONSES

Even if the Court considers that a response does not comply with the requirements of Rule 36, it is within the Court's discretion to "order either that the matter is admitted or that an amended answer be served." Fed. R. Civ. P. 36(a)(6); *see also Holloway v. City of New York*, No. 21 CV 3858, 2023 WL 6614599, at *4 (E.D.N.Y. Sept. 28, 2023) ("The Court is not required to deem a matter admitted simply because the responding party failed to sufficiently answer the request. Rather, the question of how to best remedy the deficiency must be evaluated in the context of the entire case.") (internal citations and quotation marks omitted). "In determining the appropriate remedy, courts consider whether the requesting party would suffer prejudice should the court not deem the matter admitted, whether the deficiencies in the responses are due to a lack of good faith, and whether permitting the responding party to amend their responses would further the assessment of the merits of the case, or further the interests of justice." *Holloway*, 2023 WL 6614599, at *4 (internal citations and quotation marks omitted).

Here, as explained below, it would be inappropriate to order that all of Plaintiff's requests for admission are deemed admitted. Therefore, if the Court concludes that any of Defendants' responses are deficient, they should be permitted to amend their responses to rectify any shortcomings.

First, Plaintiff seeks to have "all of the RFAs . . . deemed admitted," Ltr. Mot. at 2, without attempting to show that all of Defendants' responses are insufficient. Under Rule 36(a)(6), a matter may only be admitted based on a determination that a specific response is insufficient. Thus, the Court may not deem Plaintiff's requests to be admitted *en masse*, as sought in Plaintiff's motion.

Second, Defendants' responses raised various objections to Plaintiff's requests for admission, and it would be improper to deem Plaintiff's requests admitted—that is, effectively overruling Defendants' objections—without considering whether those objections were proper.

Third, Plaintiff would not suffer prejudice should the Court permit Defendants to amend their answers because Plaintiff had not yet relied on Defendants' responses in any manner. If the Court declines to deem all of Plaintiff's requests admitted, Plaintiff would be left in the same position as he always expected: required to prove his case based on the evidence and Defendants' actual admissions.

Finally, Defendants attempted in good faith effort to respond to Plaintiff's requests, and the consequences of treating all of Plaintiff's requests as admitted would be significantly disproportionate to any unintentional deficiencies, as it would unfairly deprive Defendants of the ability to defend this action on the merits based on the errors of counsel.

If given the opportunity to amend their responses, Defendants stand ready to work with Plaintiffs to resolve these issues without the Court's further involvement.

Sincerely,

/s/ Khagendra Gharti Chhetry
Khagendra Chettry

cc: All counsel of record (via ECF)